# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAWN HERINGTON, *et al.*,   )
                            )
            Plaintiffs,     )
                            )
v.                          )   Case No. 14-1094-JTM-KGG
                            )
CITY OF WICHITA, *et al.*,  )
                            )
            Defendants.     )
_____ )

## ORDER ON MOTION FOR SANCTIONS

Now before the Court is Plaintiffs' Motion for Sanctions pursuant to Fed.R.Civ.P. 26(g)(1) and 37. (Doc. 135.) For the reasons set forth below, Plaintiffs' motion is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

## BACKGROUND

Plaintiffs bring this civil rights action against Defendants as a result of the shooting death of decedent Troy Lanning II by Defendant Randy Williamson, a Wichita, Kansas, police officer. (*See* Doc. 1.) Plaintiffs's causes of action include the use of excessive force, the failure to provide proper training on the use of deadly force, and the failure to supervise. (*Id.*)

Plaintiffs bring the present motion requesting an Order entering sanctions

against Defendants for alleged discovery violations pursuant to Fed.R.Civ.P. 37(c) and Fed.R.Civ.P. 26(g)(3).  Plaintiffs contend that Defendants failed to properly supplement their disclosures and discovery responses, improperly withheld voluminous documents, and/or produced such documents in an untimely manner.  Plaintiffs also contend that various discovery responses and communications by counsel were misleading as they incorrectly indicated that certain documents (including a privilege log) had been produced and/or were unresponsive to outstanding discovery requests.  (*See generally* Doc. 135.)

The sanctions sought by Plaintiffs include the entry of judgment against the City of Wichita and the Wichita Police Department on the issue of liability.  (*Id.*, at 11.)  In the alternative, Plaintiffs seek an Order preventing Defendants from filing a dispositive motion, excluding Defendants from using any documents in support of dispositive motions that were produced after the time for disclosure or produced after 30 days prior to the close of discovery, excluding Defendants' use at trial of documents not produced by the deadline for supplemental disclosures, excluding all documents Defendants produced regarding Plaintiffs' expert witness Collin Gallagher, instructing the jury on Defendants' alleged failures to produce documents in a timely manner, and an award of Plaintiffs fees and expenses relating to the allegedly untimely document production.  (*Id.*, at 11-12.)

Defendants oppose the motion. (*See generally* Doc. 137.) While acknowledging certain delays occurred, Defendants contend that the documents implicated were unrelated to the shooting of decedent. Defendants also contend that Plaintiffs were not prejudiced by the delays and that the requested sanctions are not justified.

## DISCUSSION

Plaintiff asks the Court to sanction Defendant City under Fed.R.Civ.P. 26(g), which states that every discovery disclosure or response must be signed by counsel. Pursuant to the rule, the signature certifies "that to the best of the person's knowledge, information, and belief," after a reasonable inquiry, the disclosure is "complete and correct as of the time it is made." Fed.R.Civ.P. 26(g)(1)(A). The signature also certifies that any discovery response is consistent with the Federal Rules and existing law and not given for any improper purpose. Fed.R.Civ.P. 26(g)(1)(B). Subsection (g)(3) of the Rule mandates sanctions upon a finding of a violation of the rule absent "substantial justification."

Plaintiff also argues that Defendants have violated Fed.R.Civ.P. 37(c), which governs the failure to disclose or supplement. That Rule states, in relevant part,

> [i]f a party fails to provide information or identify a
> witness as required by Rule 26(a) or (e), the party is not

3

> allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

(*Id*.)  Thus, before imposing sanctions under Rule 37(c), the Court must "find a failure to timely disclose information" required by Fed.R.Civ.P. 26(a) or 26(e). ***Lintz v. American Gen. Fin., Inc.***, No 98-2213-JWL, 1999 WL 619045, at *1 (D. Kan. Aug. 2, 1999).

Fed.R.Civ.P. 26(a) governs initial disclosures, expert disclosures, and pretrial disclosures.  Subsection (a)(1)(A) of that Rule provides that a disclosing party shall, "without awaiting a discovery request," provide the opposing party with "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support is claims or defenses, unless the use would be solely for impeachment."

Fed.R.Civ.P. 26(e) governs the supplementation of such disclosures as well as discovery responses and enumerates a party's duty to supplement its initial disclosures during the discovery phase at appropriate intervals.  Under the Rule, parties are also required to supplement or correct their prior discovery responses if the responding party "learns in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not

4

otherwise been made know to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1). "Upon finding such a failure, the court should then consider whether the recalcitrant party has established substantial justification for the failure and whether it was harmless." *Lintz*, 1999 WL 619045, at *1 (discussing the duty to disclose in the context of initial disclosures) (citing ***Nguyen v. IBP, Inc.***, 162 F.R.D. 675, 679–80 (D.Kan.1995).) The sanctions allowed under the Federal Rules are analogous to those requested by Plaintiff in the present motion.

The determination of whether to impose sanctions is within the discretion of the Court. ***Starlight Int'l, Inc. v. Herlihy***, 186 F.R.D. 626, 646 (D. Kan. 1999) (citing ***Natn'l Hockey League v. Metropolitan Hockey Club***, 427 U.S. 639, 642 (1976)). *See also* ***Estate of McDermed, et al. v. Ford Motor Co.***, No. 14-2430-CM-TJJ, 2016 WL 1298096, at *3 (D. Kan. April 1, 2016).

> While a court 'need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose, the court should be guided by the following factors: 1) the prejudice or surprise to the party against whom the testimony is offered, 2) the ability to cure any prejudice, 3) the potential for trial disruption if the testimony is allowed, and 4) the erring party's bad faith or willfulness. The party who failed to make the required disclosure has the burden to demonstrate substantial justification or the lack of harm. In addition to or instead of this sanction, the court '(A) may order payment of the reasonable

> expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and (C)
> may impose other appropriate sanctions, including any of
> the orders listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).'
> Sanctions available under Rule 37(b)(2)(A) include
> 'prohibiting the disobedient party from supporting or
> opposing designated claims or defenses, or from
> introducing designated matters in evidence' and 'striking
> pleadings in whole or in part.'

*McDermed*, 2016 WL 1298096, at *3 (internal citations omitted).

The Court does not agree with Plaintiffs' generalized assertion that the documents at issue should have been identified and included with Defendants' initial disclosures. Plaintiffs do not provide any substantive analysis as to how Defendants would be expected to use these documents to support their defenses, thus making their inclusion in Defendants' Rule 26 disclosures mandatory. *See* Fed.R.Civ.P. 26(a)(1)(A)(ii).

Many of the documents, however, appear to be responsive to certain of Plaintiffs' discovery requests. Defendants have the duty to fully respond – and supplement these responses – in a timely manner. Defense counsel also had the duty to engage in a "reasonable inquiry" to determine that Defendants' discovery responses were "complete and correct as of the time [they were] made." Fed.R.Civ.P. 26(g)(1)(A).

Defendants also have a duty to provide a timely and sufficient privilege log

6

enumerating documents being withheld on the basis of privilege. Pursuant to Fed.R.Civ.P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Additionally, Rule 26(b)(5)(A) provides:

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed.R.Civ.P. 26(b)(5)(A).

Because documents, including a sufficient privilege log, were provided in an untimely manner and defense counsel offers no valid justification for the delay, the burden is on Defendants to determine whether the delay was harmless to Plaintiffs. *McDermed*, 2016 WL 1298096, at *4. Defendants offer several arguments in support of their contention that there was no harm to Plaintiffs, thus making sanctions inappropriate. (Doc. 137, at 15.) Each will be discussed in turn.

First, Defendants contend there is no prejudice to Plaintiffs as a result of the delay, arguing that "[w]hile a limited number of PSB files had not been produced in a timely fashion, they have been produced." (*Id.*) Plaintiffs' initial brief spends

7

a significant amount of time presenting a time line regarding Defendants' discovery failures.  Defendants are correct, however, that the brief contains little or no substantive discussion of what prejudice was actually caused.  Plaintiffs merely contend, without further explanation, that they have been "prejudiced by the fact that these documents were withheld."  (Doc. 135, at 8.)

Even assuming Defendants' acts and omissions resulted in no direct prejudice to Plaintiffs' ability to prosecute their claims, Defendants' position ignores the efforts – spanning some seven months – to which Plaintiffs had to go to ultimately receive the documents and privilege log at issue.  Plaintiffs' brief discusses – and Defendants do not controvert – that thousands of pages of documents were provided by Defendants in an untimely manner and/or after the applicable disclosure deadline(s).  As discussed below, this was without justification.

Defendants continue that the files at issue are irrelevant to this case and "will be the subject of a motion in limine."  (Doc. 137, at 15.)  The Court does not agree, however, that this means that the documents at issue are beyond the scope of discovery.  Even assuming Defendants' motion in limine is granted, it is well established that "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable."  Fed.R.Civ.P. 26(b)(1).  *See also*

***Rowan v. Sunflower Elec. Power Corp., et al.***, 15-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 206).  The potential inadmissibility of the documents at issue does not justify Defendants' failures.

Second, Defendants contend that there is no interference with the judicial process because the parties had agreed to continue the trial setting "because counsel for the parties were set for another trial and would have difficulty preparing for both cases."  (Doc. 137, at 15.)  Even if the trial date is not implicated as a result of Defendants' failures, this does not negate the efforts and cost to which Plaintiffs had to go to get the documents to which they were entitled.  This, in and of itself, constitutes "interference with the judicial process."

Third, Defendants argue they have no culpability in these circumstances because the "[d]ocuments were never hidden."  (*Id.*)  Rather, defense counsel was merely "overly busy" and failed to disclose the documents in a proper and timely manner.  (*Id.*)  The imposition of discovery sanctions does not require a finding of willfulness or bad faith.  *See* **Frydman v. Department of Justice**, 760 F.Supp. 193, 194 (D. Kan. 1991) (holding that "sanctions can be issued for negligent failure to provide discovery . . . .").  Further, even assuming this was initially a simple inadvertent oversight, this does not excuse Defendants ongoing failures.  As the party responding to discovery, if Defendants "knew or should have known" of the

9

existence of the documents at issue, they had a duty to produce them in response or supplementation to Plaintiffs' relevant discovery requests.  See *Lintz*, 1999 WL 619045, at *1 (making this finding in the context of documents that should have been identified with a party's initial disclosures).  Simply stated, Defendants should have known about the documents.  Further, even after Plaintiff inquired about the documents, Defendants did not rectify their omissions in a timely manner.

**B.     Sanctions.**

In the opinion of the undersigned Magistrate Judge, the circumstances presented by Plaintiff justify an entry of sanctions against Defendants.  The events enumerated in Plaintiffs' motion clearly establish that Defendants were aware of the documents months before they were provided to Plaintiffs.  The circumstances do not, however, establish bad faith on the part of Defendants or their counsel.  There is no evidence that omissions that occurred were intentional.  Even so, the Court finds the omissions to be inexcusable.

That stated, the degree of prejudice suffered by Plaintiff, while not inconsequential, does not justify the entry of judgment against Defendants City of Wichita and the Wichita Police Department or an Order denying Defendants the right to file dispositive motions.  This Court, therefore, will not recommend that

judgment be entered against Defendants or that they be prohibited from filing dispositive motions.

Instead, the Court will order an award of attorney's fees, imposed against Defendants and defense counsel jointly and severally. The fees shall consist of Plaintiffs' attorney's fees associated with (1) the prosecution of the present motion and (2) participation in the initial Pretrial Conference which had to be continued as a result of Defendants' omissions.[1]

The parties are directed to meet and confer in good faith concerning the reasonable attorney fees associated with Plaintiffs' Motion for Sanctions. If the parties are unable to agree, Plaintiffs' counsel shall file an affidavit containing the hourly rate(s) and billable hours associated with the motion and initial Pretrial Conference. The affidavit shall be filed within fourteen (14) days of the date of this Order. Defendants' response, if any, to the requested attorney fees shall be filed within seven (7) days of Plaintiffs' filing. Any such response shall be limited to five pages. A reply by Plaintiff will not be allowed unless requested by the Court.

---

[1] Any work that was completed to prepare for that conference which is necessary for the final Pretrial Conference shall not be included in this amount.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Sanctions (Doc. 135) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 1st day of September, 2016.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge