IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAWN HERINGTON, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF WICHITA, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 14-1094-JTM-KGG |

## ORDER AWARDING ATTORNEYS' FEES

In accordance with the Court's Memorandum & Order (Doc. 146) granting in part Plaintiffs' Motion for Sanctions pursuant to Fed.R.Civ.P. 26(g)(1) and 37 (Doc. 135), Plaintiffs' counsel submit a verified accounting of their attorney fees and expenses for the Court's consideration. Defendant City of Wichita filed a response in opposition. Having reviewed Plaintiffs' submissions, as well as the response filed by Defendant City of Wichita, the Court issues the following Order.

The Court awarded attorneys' fees, imposed against Defendants and defense counsel jointly and severally, associated with (1) the prosecution of the present motion by Plaintiffs' counsel and (2) participation by Plaintiffs' counsel in the initial Pretrial Conference which had to be continued as a result of Defendants' omissions.[1]  (Doc. 146, at 11.)  "The first step in calculating fee awards is to

---

[1] Defendants argue that "[o]nly one attorney's time should be allowed" for participation in the Pretrial Conference. The Court does not agree and finds that it was

determine the number of hours reasonably spent by counsel for the party seeking the fees." ***Ramos v. Lamm***, 713 F.2d 546, 553 (10th Cir. 1987).  The Court must then determine whether the hourly rate charged by counsel is reasonable in the context of "what lawyers of comparable skill and experience practicing in the area in with the litigation occurs would charge for their time." *Id*., at 555.  Defendant does not contest the hourly rates of counsel (*see* Doc. 156) and the Court finds the rates to be reasonable.[2]  As such, the Court's analysis will focus on the specific time entries submitted.

The affidavit of Plaintiffs' counsel contains entries totaling 6.2 hours for James Thompson and 32.6 for Donald Snook for a total of 38.8 hours.  The Court finds that the submitted time entries are both appropriate and reasonably related to the underlying issues absent the following:

    a.    4/28/16 DHS:  review the notices of service and documents supplied after discovery;

    b.    5/31/16 DHS:  review documents produced after time for disclosure and past close of discovery and compare to documents previously produced;

    c.    6/1/16 DHS: review notices of service and

---

reasonable for both attorneys to attend the Pretrial.  The Court's previous Order merely stated that "[a]ny work that was completed to prepare for that conference which is necessary for the final Pretrial Conference shall not be included in this amount."  (*See* Doc. 146.)

[2] The hourly rates submitted are $260 for Mr. Thompson and $250 for Mr. Snook.

>> compare to bates number index previously
>> produced; and
>
> d.  6/10/16 DHS: correspondence to Mr. Ozaki
>     regarding dates of disclosure (X3).

(Doc. 155-1.) Because Plaintiffs' counsel would need review the documents in question regardless of the underlying Motion for Sanctions, the Court finds the time associated with categories a., b., and c. to be unreasonable. Also, based on the information submitted, the Court cannot determine that the correspondence to Mr. Ozaki was solely related to the underlying motion. The Court will therefore reduce the time submitted by Plaintiffs' counsel by 2.5 hours for the time listed in category a., 3.8 hours for category b., 0.6 hours for category c., and 0.4 hours for category d.[3]

As a result, the Court finds the following time entries to be both appropriate and reasonably related to the underlying motion:

| | | |
|---|---|---|
| Donald Snook: | 25.3 hours x $250 = | $6,325 |
| James Thompson: | 6.2 hours x $260 = | $1,612 |
| | | **$7,937** |

---

[3] The other tasks limited in category a. (analyzing documents "compared with dates for disclosure and close of discovery" and researching "guidelines on timeliness of discovery . . .") are allowable. As such, the Court has reduced the time listed for Mr. Snook on 4/28/16 from 3.5 hours to 1.0 hours.

IT IS THEREFORE ORDERED that Plaintiffs are awarded **$7,937** in attorneys' fees, imposed against/to be paid by Defendants and defense counsel jointly and severally, as a sanction for the discovery abuses of Defendant City of Wichita and its counsel more specifically enumerated in the Court's prior Memorandum & Order (Doc. 146).  Defendants and defense counsel shall provide Plaintiffs with the ordered payment within **thirty (30) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated this 18th day of October, 2016.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge